WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Stormy Stone, | ) | CV 06-488-TUC-HCE |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| City of Tucson, et. el., | ) | |
| Defendants. | ) | |

On February 19, 2008, this matter came on for hearing for Plaintiff to show cause why this matter should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute and to comply with the Court's Orders. For the following reasons, this action is hereby dismissed.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

In August 2006, Plaintiff, through counsel initiated the instant action. The Magistrate Judge has jurisdiction over this matter by consent of the parties pursuant to 28 U.S.C. §636(c).

On January 18, 2008, counsel for Plaintiff filed a Motion to Withdraw as Attorney of Record. Citing 17A A.R.S. Supreme Court Rules, Rules of Professional Conduct, E.R. 1.16(b)(5) and 1.16(b)(6), Counsel requested to withdraw because Plaintiff had failed to

appear for three scheduled independent medical examinations[1] (hereinafter "IME") of which she had notice and counsel was unable to locate Plaintiff.[2] Pursuant to L.R.Civ. 83.3(b)(2), counsel certified that he sent to Plaintiff's last known address notice of his Motion to Withdraw as Attorney of Record and pending deadlines and hearings. On January 23, 2008, the Court entered an order setting a January 31, 2008 hearing on the Motion to Withdraw, requiring Plaintiff to appear in person at the hearing, and requiring Plaintiff's counsel to "inform Plaintiff of the contents of this Order, that her presence is required at the hearing, and her failure to appear or to show good cause in advance of the hearing why a continuance should be granted may result in dismissal of this action without further notice." (Doc. No. 64)

At the January 31, 2008 hearing, Plaintiff's counsel submitted under seal an affidavit from a process server who unsuccessfully attempted to serve the January 23, 2008 Order on Plaintiff. The process server left information concerning the hearing with Plaintiff's mother, who apparently was at Plaintiff's last known address. Plaintiff's counsel also submitted under seal a memorandum regarding his investigator's unsuccessful attempts to contact Plaintiff since January 15, 2008. The investigator left information and documents with Plaintiff's mother.

Plaintiff did not appear for the January 31, 2008 hearing. On January 31, 2008, the Court granted counsel's Motion to Withdraw. (Doc. No. 66) Plaintiff was sent a copy of the Order granting the Motion to Withdraw. (Doc. No. 68)

On February 1, 2008, the Court entered an order setting a hearing for February 19, 2008 "for Plaintiff to appear in person and show cause why this matter should not be

---

[1] The record reflects that the missed appointments resulted in a $1,300 charge from the medical expert. (Doc. 60, p. 2)

[2] The Arizona Rules of Professional Conduct apply to attorneys admitted to practice before this Court. See L.R.Civ. 83.2(e), Rules of Practice of the U.S. District Court for the District of Arizona.

dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with this Court's orders." (Doc. No.67) The Court explained the procedure for Plaintiff to request a continuance. (Id.) The Court also warned Plaintiff that her failure to appear at the February 19, 2008 hearing, or to file suggested alternate dates with the Court in advance, would result in dismissal of this action without further notice. (Id.) The February 1, 2008 Order was sent to Plaintiff via first class mail and certified mail, return receipt requested. (Id.) On February 4, 2008, the "return receipt"reflecting the signature of "Bridgett Stone" was returned to the Court. (Doc. No. 68)

Plaintiff did not appear for the February 19, 2008 hearing. Nor has Plaintiff contacted the Court.

## II.   DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may *sua sponte* dismiss an action "[i]f the plaintiff fails to prosecute or to comply with...a court order." Fed.R.Civ.P. 41(b); *see also Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*..."); *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986) (same). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson,* 779 F.2d at 1423. Therefore, when determining whether to dismiss a claim for failure to comply with a court order or for failure to prosecute, the court must weigh the following factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendant; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.; Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002); *see also Oliva v. Sullivan,* 958 F.2d 272 (9th Cir. 1992). Also relevant to the determination is whether the plaintiff was warned of the consequences of her inaction, such as dismissal of the case. *Oliva,* 958 F.2d at 274. "In cases involving *sua sponte* dismissal of an action, rather than dismissal following a noticed motion under Rule 41(b), Fed.R.Civ.P., there is a closer focus on" the considerations of less drastic alternatives

and warning to the party. *Id.* The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal,...or where at least three factors 'strongly' support dismissal.'" *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999) *(quoting Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)).

    A.    <u>Interest in expeditious resolution of litigation</u>

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

    B.    <u>Docket management</u>

The trial court is in the best position to decide when delay in a particular case interferes with docket management and the public interest. *Yourish,* 191 F.3d at 990; *Pagtalunan,* 291 F.3d at 642. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff.]" *Pagtalunan,* 291 F.3d at 642. To that end, this Court entered the January 23, 2008 and February 1, 2008 Orders.

Plaintiff's failure to comply with Court orders requiring her presence at scheduled hearings interferes with the Court's case management responsibilities, results in Plaintiff controlling the pace of the docket rather than the Court, and has "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket." *Pagtalunan,* 291 F.3d at 642. *See also Yourish,* 191 F.3d at 990 (court's need to manage its docket "strongly favor[ed] dismissal" where the plaintiff's noncompliance "caused the action to come to a complete halt" thus resulting in the plaintiff "controlling the pace of the docket rather than the [c]ourt."); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (the court's interest in docket control "strongly support[ed]" dismissal where, *inter alia,* the plaintiff's failure to comply with the court's order "consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket.") This factor strongly favors dismissal.

### C.     Risk of prejudice to Defendant

"[T]he risk of prejudice to the defendant is related" to the strength of the plaintiff's excuse for the default. *Yourish*, 191 F.3d at 991. *See also Pagtalunan*, 291 F.3d at 643 (same). The Ninth Circuit has found that a "paltry excuse for" the plaintiff's non-compliance with the court's order constitutes sufficient evidence to weigh strongly in favor of dismissal. *Yourish*, 191 F.3d at 991 (also noting that the plaintiff provided "a very poor reason" for failure to follow the court's order) The Ninth Circuit has affirmed dismissal even where "no specific showing of prejudice to defendants is made" given that "the integrity of the district court is involved." *Henderson*, 779 F.2d at 1425. Moreover, where the issue involves disregard of "deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative." *Id.*

Plaintiff has offered no reason why she has caused this case to come to a complete halt. Nor has she provided an explanation for her failure to comply with the Court's orders that she appear for the scheduled hearings. The law presumes injury from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) On this record, the issue of prejudice tips the balance in favor of dismissal.

### D.     Warning to Plaintiff and availability of less drastic alternatives

"The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citation omitted). The Court's January 23, 2008 Order warned Plaintiff of the consequences of her failure to appear at the scheduled hearing. Thereafter, the Court set another hearing and again warned Plaintiff of the consequences of her failure to comply. Plaintiff has not heeded these warnings. Additionally, Plaintiff's failure to appear for three scheduled IME appointments, Plaintiff's failure to communicate with her attorney, and Plaintiff's failure to appear at the January 31, 2008 and February 19, 2008 hearings despite the Court's warnings of the consequences of her absence support the conclusion that she has abandoned this action. Only one less drastic sanction is realistically available on the instant

record. Rule 41(b) provides that the dismissal operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise..." Fed.R.Civ.P. 41(b). Herein, a dismissal with prejudice would be unnecessarily harsh as this action can be dismissed without prejudice pursuant to Rule 41(b). Under the instant circumstances, implementation of any other less drastic sanction is not feasible. Consequently, this factor weighs strongly in favor of dismissal without prejudice.[3] *See id.*

### E. Public policy favoring disposition of cases on their merits

"Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan,* 291 F.3d at 643.

## III. CONCLUSION

"Although there is indeed a public policy favoring disposition [of cases] on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley &Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (affirming dismissal for failure to prosecute). Plaintiff's failure to communicate with counsel, to comply with this Court's orders, and to prosecute this case has thwarted Defendant's discovery efforts, interfered with the Court's docket, and has unreasonably delayed adjudication of this case on the merits. Plaintiff's conduct has brought the parties and the Court to this juncture in the litigation where the Court must weigh the above-stated factors to determine whether dismissal is appropriate.

The only factor weighing against dismissal, public policy favoring disposition on the merits, is outweighed by the remaining four factors which favor dismissal. *See e.g. Yourish,* 191 F.3d at 990 ("We may affirm a dismissal where at least four factors support dismissal...or where at least three factors strongly support dismissal.") (internal quotation marks & citation omitted). Accordingly,

---

[3]Nothing in this Order precludes any recourse Defendant may have to collect the balance owing for the missed IME appointments if Plaintiff refiles her claim.

IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall issue judgment accordingly and close its file in this matter.

DATED this 27th day of February, 2008.

                                                  */s/ Héctor C. Estrada*
                                                  Héctor C. Estrada
                                            United States Magistrate Judge

cc: Stone (by regular mail)